Dear Ms. Atkins:
We are writing in response to your inquiry regarding several aspects of the consolidation of the Orleans Parish offices of the Recorder of Mortgages ("Recorder") and Register of Conveyances ("Register")[1] into the office of Clerk of Court for the Civil District Court for the Parish of Orleans ("Clerk of Court") as part of the omnibus consolidation of offices and courts mandated by Act No. 621 of the 2006 Louisiana Regular Legislative Session.[2] *Page 2 
I. Brief Overview of Louisiana Legislature's Impetus forEnacting Act 621
In the wake of the devastation brought by Hurricane Katrina in 2005, the Louisiana Legislature sought to eliminate "duplication of effort within local government in order to expend public funds more efficiently and wisely and to meet more effectively and conveniently the needs of the people who provide revenues for its operations."[3] The legislature found "the structure of the judiciary in Orleans Parish fragmented and inefficient and [had to] be fundamentally changed if the city/Orleans Parish [were] to flourish in the post-Katrina/Rita world."[4] The fundamental change sought by the legislature included the initial transfer of the duties of the Recorder and Register to the office of the Clerk of Court[5] and the abolishment of the two transferred offices, [6] effective January 1.2009.[7]
With respect to the consolidation of the two offices of the Recorder and Register into the single office of the Clerk of Court, the legislature observed that "[i]n all parishes of the state, except Orleans Parish, there [was] one clerk of court in which all instruments and acts [were] filed for record." The legislature also provided as follows:
 It is the policy of this state that the manner in which acts of conveyance or mortgage of immovable property, chattel mortgages, filings under Chapter 9 of the Louisiana Commercial Laws, notarial acts, and all other acts filed for public record shall be uniform throughout the state and that citizens of the city and parish of Orleans should be afforded the convenience and economy of filing a document for record in one office.[8]
Act No. 621, § 1(C), 2006 Regular Legislative Session.
In 2008, the Louisiana Legislature revisited the consolidation time-line and adjusted the effective date of the creation of the forty-first Judicial District Court ("41st JDC") to January 1, 2015.[9] The effective date of the transfer of the two offices into the Clerk of Court's Office and the concomitant changes remained as of January 1, 2009. Provided *Page 3 
with this relevant legislative history, we now respond to your questions in the order presented in your letter to this office.
II. Effect of Act No. 621 of the 2006 Regular LegislativeSession and Subsequent Legislation on Orleans Parish's Clerk ofCourt's Office and Responsibilities.
 A. Pursuant to R.S. 44:181 44:183, the Clerk of Court for the Parish of Orleans ("Clerk") is responsible for maintaining and preserving the records which were formerly maintained by the Orleans Parish Recorder of Mortgages and the Register of Conveyances. Under the foregoing provisions, did the mandate include the acquisition of the computer hardware and software utilized by the Mortgage and Conveyances offices from the Judges of the Civil District Court for the Parish of Orleans (the Court En Banc) through the judicial expense fund, who own and administer same?
With respect to Act No. 621 of the 2006 Regular Legislative Session and Act No. 873 of the 2008 Regular Legislative Session, "Clerk of Court" means the Clerk of the Civil District Court for the parish of Orleans until January 1, 2015, when the newly established Clerk of the 41st JDC is scheduled to take office.[10] Our office will rely upon this definition to respond to your inquiry.
Act No. 621 directed the Clerk to implement a professional and efficient plan for the consolidation of the offices of the Recorder and Register within the Clerk of Court's Office including "procedures for the transfer and utilization of positions, personnel, funds, office space, facilities, and equipment."[11] In addition, Act 621 specifically mandates the transfer of "[a]ll books, papers, records, money, actions, and other property of every kind and description, movable and immovable, real and personal, possessed, controlled, or used by each office . . . to the office of the clerk of court as the parish recorder."[12] The clear legislative intent of this provision is to align the Orleans Parish Clerk of Court's Office with all other parish clerks of court, which operate with a certain amount of operational and fiscal autonomy.
Based upon the comprehensive nature of the transfer provision and the legislature's clear intent to create a fiscally functional and independent Clerk of Court's Office, our office concludes that this transfer includes all of the computer hardware and software utilized by the offices of the Recorder and Register that may have been provided to any of the abolished offices by the court en banc
through the Consolidated Judicial Expense fund. Therefore, it is the opinion of our office that all of the property transferred to the Clerk of Court's Office, in its capacity as parish recorder pursuant to Act No. 621, should *Page 4 
now be considered the property of the Clerk to possess, utilize, and control as per her discretion. It is also the opinion of this office that any computer hardware and software utilized by the offices of the Recorder and Register that has not been transferred to the Clerk of Court's Office, as parish recorder, should be transferred pursuant to this legislation.
 B. When the Mortgage and Conveyances offices were consolidated into the Clerk's office under R.S. 44:181, was the Clerk entitled to all balances on hand as of December 31, 2008 that were generated by those offices which had heretofore been deposited into the Judicial Expense Fund administered by the judges of the Civil District Court for the Parish of Orleans (the Court En Banc)?
As discussed in response to question number one, the Louisiana Legislature intended that all clerks of court in the state operate in the same manner. Therefore, through Act No. 621 the offices of the Orleans Recorder and Register were merged into the Clerk of Court's Office. According to Act No. 621, "[t]he clerk of court as the recorder for the parish of Orleans shall be the successor inevery way to the offices of . . . the register of conveyances, and the recorder of mortgages upon the abolition of the respective office, and every act done in the exercise of such functions by the clerk of court as the recorder for the parish of Orleans shall be deemed to have the same force and effect under any provision of the constitution and laws, as if done by the office of . . . the register of conveyances, or the recorder of mortgages, as the case may be."[13] This merger was to be facilitated in part by the transfer of the funds collected or received by the offices of the Recorder and Register to the Clerk of Court when it assumed the duties and responsibilities of those two eliminated offices effective January 1, 2009.[14]
With respect to fees collectible after January 1, 2009, it should be noted that Section 2 of Act No. 621 included the enactment of R.S. 13:751.4, which created the "Clerk's Salary Fund," where all fees and charges due to the 41st JDC's Clerk of Court's Office shall be deposited.[15] This section of Act No. 621 also created R.S. 13:841.3. This statute authorizes the Clerk to collect those fees set forth in R.S. 13:1213.1 (lump sum fee to cover all pleadings filed by parties), retaining not less than 60% of the fees collected in the Clerk's Salary Fund, and depositing the remaining funds into the Consolidated Judicial Expense Fund.[16] In contrast, the Louisiana Legislature failed to provide a similar provision for splitting the fees collected by the offices of the Recorder and Register between these two separate funds.
Act No. 621, as originally enacted, provided that "all sums" or fees collected by the offices of the Register and Recorder were to be deposited into a separate account *Page 5 
within the Consolidated Judicial Expense Fund.[17] The funds deposited into this separate account were "to be disbursed by the judges of the courts, en banc, as provided in R.S. [13:996.62] . . . [for] the administration or function of the recordation of documents by the office of the clerk of court as the parish recorder, including salaries, benefits, and pension contributions."[18]
Originally, Section 8(A)(2) of Act No. 621 further provided that the Consolidated Judicial Expense Fund for the 41st JDC "shall be used exclusively by the clerk of court as the parish recorder for purposes connected with the administration or function of the recordation of documents by the office of the clerk of court as the parish recorder, including salaries, benefits, and pension contributions," reiterating the requirement that this account shall be audited annually.[19] However, this was, in effect, amended by subsequent legislation.
Section 4 of Act No. 868 of the 2008 Regular Legislative Session added the "Clerk's Salary Fund" as an alternative repository for the funds collected by the Clerk as parish recorder, effective January 1, 2009. Due to these legislative changes, the sums of money "collected or received by . . . the Register of Conveyances, the Recorder of Mortgages, and the Clerk of Court as Parish Recorder, except as otherwise provided for the consolidated Judicial Expense Fund, shall be deposited in the separate account . . ." in either the Consolidated Judicial Expense Fundor in the Clerk's Salary Fund. See Section 4 of Act 868 of 2008, amending Section 8(A)(1) of Act No. 621 of 2006. The Louisiana Legislature specified in Act No. 868 that this separate parish recorder account, in whichever fund it resides, "shall be used exclusively by the Clerk of Court as the parish recorder for purposes connected with the administration or function of the recordation of documents by the office of the clerk of court as the parish recorder, including salaries, benefits and pension contributions and with the administration of the civil courts."[20]
Under the statutory framework created by the legislative enactments previously discussed, it is our office's opinion that any fees collected by the offices of the Recorder or Register prior to January 1, 2009, should have been deposited into a special fund within the Consolidated Judicial Expense Fund and used to defray the costs of operations of these two offices, including salaries, benefits, and pension contributions for employees of those offices, until these offices were abolished and their functions transferred to your office, as Clerk of Court and as parish recorder. It is also the opinion *Page 6 
of this office that any parish recorder fees collected by your office on or after January 1, 2009, should have been deposited in the separate parish recorder account within the Clerk's Salary Fund for the Clerk of Court's exclusive use to defray costs associated with the administration and functions of your office as parish recorder and the administration of the civil courts, including the payment of salaries, benefits, and retirement contributions for or on behalf of your employees.
Again, based on the subsequent legislation enacted by Act No. 868 in 2008, to the extent that the Consolidated Judicial Expense Fund maintains a balance in its own separate parish recorder account following December 31, 2008, this office is of the opinion that such balance should be transferred to the separate parish recorder account maintained in the Clerk's Salary Fund, so that it can be used by the Clerk of Court's Office to defray the costs of the operations of said office as the consolidated parish recorder.
We base our opinions on the fact that the legislature made it clear that the funds deposited by the former offices of the Recorder and Register into the separate parish recorder account maintained and controlled by the judges sitting on en banc were to be used exclusively for "the administration or function of the recordation of documents by the office of the Clerk of Court as Parish Recorder, including salaries, benefits, and pension contributions." La.R.S. 44:181.5(B). However, since all of the operations and employees associated with the functions of the parish recorder have been transferred to the Clerk of Court's Office, [21] and the Clerk of Court's Office is obligated to pay the costs associated with these operations and employees out of the Clerk's Salary Fund, [22] the funds in the possession of the court that are dedicated to these expenses should be transferred to your control by the judges enbanc. These funds, of course, may only be used by the Clerk of Court's Office, "for purposes connected with the administration or function of the recordation of documents by the Office of Clerk of Court as Parish Recorder, including the salaries, benefits, and pension contributions and with the administration of the Civil Courts." Act No. 868, § 4.
 C. Is the Clerk responsible for all of the post employment benefits to the former employees of the Recorder of Mortgages and the Register of Conveyances who, through December 31, 2008, were on the payroll of the Judicial Expense Fund and who are now on the payroll of the Clerk? Is the Court En Banc responsible for any portion of those employees post employment benefits?
Yes. Section 12 of Act No. 621 provides as follows:
 The employees of the offices of the recorder of mortgages, the register of *Page 7 
conveyances . . . shall be transferred to the office of the clerk of court and shall become employees of the clerk of court and be controlled by the clerk and the office of the clerk on January 1, 2009, as provided by this Act. The employees of the offices so transferred shall continue to be members of the retirement system to which they were contributing on December 31, 2008. All new employees hired on or after January 1, 2009, shall become members of the Louisiana Clerks of Court retirement and Relief Fund and shall be eligible for participation in state group health and life insurance benefits.
Act No. 621, § 12, 2006 Regular Legislative Session, (emphasis added).
Based on the foregoing language, the employees of the former offices of the Recorder and Register were transferred to Clerk of Court's Office effective January 1, 2009, at the time of transfer. Accordingly, it is our office's opinion that on this date, the Clerk of Court's Office became responsible for the salaries, benefits, and retirement contributions for and on behalf of the former employees of the offices of the Recorder and Register.
We reiterate our earlier finding that the separate parish recorder account maintained and controlled by the judges sitting enbanc be transferred to the Clerk of Court to be used for salaries, benefits, and pension contributions as described in R.S. 44:181.5(B). Thus, any fees collected while operating in your capacity as parish recorder may also be utilized to help pay post employment benefits.[23] In addition, any fees that the transferred offices of the Recorder and Register collected prior to January 1, 2009, are also available to Clerk of Court's Office to defray these expenses.
 D. Is the Clerk entitled to share the subscription fees charged and collected by the Judicial Expense Fund for on-line access to the clerk's records through the Court's web-site, http://www.orleanscdc.com/index.shtm?
Although our research revealed no specific statute directly on point regarding the collection of fees for electronic access to the public records maintained by the Clerk of Court's Office, the law regarding the maintenance and access to public records does provide some guidance.
This office has previously observed that the "Clerk of Court is the legal custodian of all of the court's records and is responsible for their safekeeping and preservation. A clerk, except as otherwise provided by law, must permit any person to examine any of these records." See La. Atty. Gen. Op. 04-0169; citing
La.C.C.P. art. 251, et seq. In Opinion Number 04-0169 our office further noted that a Clerk of Court's obligations under the Public Records Act[24] authorize the Clerk to develop methods and systems, and enter *Page 8 
into cooperative endeavor agreements allowing for electronic and/or internet access to the Clerk's public records. Id. The scope of the Clerk of Court's obligation to maintain the court records, therefore, would extend to any electronic records that have been or will be created.
Based upon this fundamental framework, the Clerk of Court, who is now also the parish recorder, is the custodian of the records of the CDC and those filed with the former offices of the Recorder and Register.[25] As such, the Clerk has the authority to establish and maintain a system that allows for electronic and internet access to those records of your office. To the extent that the Clerk of Court's Office is responsible for the operation and maintenance of this system, it would be entitled to collect reasonable fees to allow access to the electronic records system.
Under prior law, the fees collected by the Clerk of Court's Office would have been deposited into the Consolidated Judicial Expense Fund, which is controlled and disbursed by the judges enbanc. As previously discussed, the consolidation laws changed this structure. It is our office's opinion that the fees collected by the Clerk of Court's Office are now to be deposited into the Clerk's Salary Fund for the exclusive use of said office, as you, the Clerk of Court, deem appropriate. In light of the clear declaration of legislative will embodied in Act No. 621 and subsequent affiliated legislation (e.g., Act No. 868 of 2008), our office is of the opinion that the Clerk of Court's Office is entitled to the reasonable fees generated through subscriptions to any electronic records access system that said office administers or maintains, unless there is a valid cooperative endeavor agreement re-allocating duties and responsibilities that provides otherwise.
We hope that this information sufficiently answers your inquiries. If we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:_________________ KATHERINE K. GREEN Assistant Attorney General
 JDC:KG:jv
[1] A third parochial office, that of Custodian of Notarial Archives, was included in the consolidations called for by the Legislature, but you indicate that there is no dispute concerning the property and funds of that office. We additionally note that the duties of the Custodian were severed from the bulk of the consolidation provisions and eliminated effective July 2, 2007. In any event, the disposition of assets of the Custodian is of no concern here. See Act No. 212, 2007 Regular Legislative Session.
[2] Act No. 621 was subsequently modified by Act No.212 of the 2007 Regular Legislative Session, Act Nos. 675, 868, 873, and 879
of the 2008 Regular Legislative Session, and Act No.125 of the 2009 Regular Legislative Session.
[3] Act No. 621, § 1(A), 2006 Regular Legislative Session.
[4] Id.
[5] Act No. 621, §§ 7(C)-(D), 2006 Regular Legislative Session.
[6] Act No. 621, § 17, 2006 Regular Legislative Session.
[7] Id. Other changes to the Orleans Parish court system, including the consolidation of the offices of Clerk of the Civil District Court and Clerk of the Criminal District Court into the Clerk of Court for the Forty-First Judicial District Court, were subsequently delayed to the 2014 gubernatorial election cycle by Act No. 873 of the 2008 Regular Legislative Session. Consolidation of the offices of Civil Sheriff and Criminal Sheriff into a single Sheriff for Orleans Parish was initially also deferred to 2014 by Act No. 873, but was pushed back up to the 2010 election cycle by Act No. 125 of the 2009 Regular Legislative Session.
[8] Act No. 621, § 1 (C), 2006 Regular Legislative Session.
[9] Act No. 675 of the 2008 Regular Legislative Session first extended the date to May 3, 2010, and Act No. 873 of the 2008 Regular Legislative Session set the date for the creation of the 41st JDC as of January 1, 2015.
[10] Act No. 621, § 6(A), 2006 Regular Legislative Session; Act No. 873, § 3, 2008 Regular Legislative Session; see also, La.R.S. 13:751.1(A)(2).
[11] Act No. 621, § 10(A), 2006 Regular Legislative Session.
[12] Act No. 621, § 11, 2006 Regular Legislative Session.
[13] Act No. 621 § 18, 2006 Regular Legislative Session. (emphasis added).
[14] Act No. 621, §§ 10(A), 11, 2006 Regular Legislative Session.
[15] Act No. 621 § 2, 2006 Regular Legislative Session.
[16] Act No. 621 § 2, 2006 Regular Legislative Session.
[17] Act No. 621 §§ 5, 8, 2006 Regular Legislative Session.
[18] Id.; La.R.S. 44:181.5. The official notes to R.S. 44:181.5 explain that R.S. 13:996.62 was substituted for R.S. 13:1312.1, which had originally and erroneously appeared in Act No. 621.
[19] Act No. 621 § 8(A)(2), 2006 Regular Legislative Session.
[20] Although the provisions regarding the depository of the funds collected by the parish recorder may appear to be in conflict, the subsequent enactment of Act No. 868 of the 2008 Regular Legislative Session, which authorized the deposit of parish recorder fee collections into the special account within the Clerk's Salary Fund, the latter of the two laws, would prevail under traditional tenets of statutory construction. See International Paper Co.,Inc. v. Hilton, 06-895 (La.App. 3rd Cir. 11/15/06), 950 So.2d 1, 5. ("Under general rules of statutory construction, the latest expression of the legislative will is considered controlling and prior enactments in conflict are considered as tacitly repealed in the absence of an express repealing clause.").
[21] Act No. 621, § 12, 2006 Regular Legislative Session.
[22] Act No. 621, § 8(A)(2), 2006 Regular Legislative Session; Act No. 868, § 4, 2008 Regular Legislative Session.
[23] See Act No. 868, § 4, 2008 Regular Legislative Session.
[24] La.R.S. 44:1, et seq.
[25] [ILLEGIBLE TEXT]